By the Court—Barbour, J.
This action, for the foreclosure of a mortgage upon real estate, was tried before Justice Mohcrief, without a Jury, and decision reserved. Subsequently, and on the 12th of April, 1862, the Justice filed his findings of fact and conclusions of law, the latter of which were as follows :■
First. That the plaintiff is entitled to a judgment of foreclosure and sale, for the purpose of discharging the amount of principal and interest due upon the mortgage, together with the costs of suit.
Second. That the plaintiff is not entitled to a judgment for any deficiency.
Third. That it be referred to Hon. Murray Hoffman, as sole Eeferee, to ascertain and report the amount of principal and interest due to the plaintiff upon such mortgage; and also to ascertain, and report the amount due upon the mortgage described in the answer of the defendant, George W. Platt; and also to ascertain and report whether there are any prior liens, by mortgage, upon said premises, and whether said prior mortgages are due.
On the same day, an order was made by Justice Moucrief, referring the cause to Murray Hoffman, to ascertain and report upon the matters mentioned in the third conclusion of law, as therein indicated.
*542 On the 22d of April, the Beferee made his report upon the matters referred to him, and also, by consent of parties, reported other facts and details not called for by the order of reference ; which report was filed on the 24th of April, and notice thereof given by the plaintiff’s attorney to the other attorneys in the action; and, no exception to the report having been filed, the plaintiff’s attorney, eight days thereafter, applied to another Justice, without notice to defendants, for a judgment, and the same was entered upon his direction. The judgment does not allude to the trial, nor to the findings and conclusions of Justice Moecrief, but states, by the way of inducements, that an order of reference to Murray Hoffman had been made, and his report filed, setting forth, in brief, its contents, that eight days had expired since such filing, and no exceptions had been filed. The judgment is in the ordinary form, and contains various directions not specifically covered by the conclusions of law of Justice Moxceief ; among which is one providing for the payment to the plaintiff and to two of the defendants, of some four hundred dollars, out of the proceeds of the mortgaged premises, for then costs and disbursements in the suit.
It thus appears that the cause was tried, at least in part, before one Judge, who found some facts, and arrived at certain conclusions of law, and then sent the case to a Beferee to ascertain and report other specific facts; that, upon the coming in of such report, and, so far as appears from the record before us, on that report alone, and without an examination of the pleadings, proceedings, testimony, or even of the findings and conclusions of the Justice before whom the trial had been partially had, another Justice directed the entry of a judgment, providing, among other things not determined by the conclusions of the former, that a large sum should be paid out of the avails of the sale, and therefore, by the appellant, by way of costs.
If w.e were to hold that the case was, virtually, decided by the findings and conclusions of Justice Moeceief, *543 then, it- is easy to see, the direction in the judgment for the payment of costs is erroneous, inasmuch as Justice Morcbtee did not, in his discretion, (Code, § 306,) decide that the plaintiff or either of the defendants was entitled to recover such costs, and therefore, it may safely he inferred, refused to award them. Or, if we assume that his decision was not intended to "be a final determina^ tion of the whole matter, then we have before us the anomaly of a trial and decision of a portion, only, of the issues in a cause by one Judge, and its final determination by another; and that, too, upon hearing but one of the parties, without notice to the others, and, so far-as the case presented, shows, without any knowledge as to any prior proceedings in the cause, aside from what are contained in the report of the Beferee. Indeed, in either ease, the judgment is not warranted by the findings and' conclusions of the Justice before whom the cause was tried, who, alone, is fully competent to award costs or withhold them, in his discretion.
For these reasons, and those given by the Chief Justice and Justice Bobebtsor in their opinions upon a former appeal in this action, I think the judgment should be set aside, with costs, leaving the parties to move for a new trial, or otherwise, as they may be advised.
Bobebtsor and White, J. J., concurred in this opinion.